Ryan Lee
Law Offices of Ryan Lee, PLLC
7272 E. Indian School Rd.
Suite 540
Scottsdale, AZ 85251
Phone: (323) 524-9500
Fax: (323) 524-9502
ryan@ryanleepllc.com
Attorney for Plaintiff,
William Naney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| WILLIAM NANEY,<br><br>                                   Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC,<br><br>                                   Defendants. | No.<br><br>**Plaintiff's Complaint** |

Plaintiff, WILLIAM NANEY ("Plaintiff"), through his attorneys, Law Offices of Ryan Lee, PLLC, alleges the following against Defendants, TRANS UNION, LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") ("Defendants" collectively):

**INTRODUCTION**

1.  Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

**JURISDICTION AND VENUE**

2.  This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3.  Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

4.  Plaintiff is an individual who was at all relevant times residing in Phoenix, Maricopa County, Arizona.

5.  At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

6.  Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the state of Arizona.

7.  Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the state of Arizona.

8.  Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the state of Arizona.

9.  At all relevant times, Defendants Trans Union, Experian and Equifax were a "person" as that term is defined by the FCRA.

10. At all relevant times Defendants Trans Union, Experian and Equifax were a "consumer reporting agency" as that term is defined by the FCRA.

**FACTUAL ALLEGATIONS**

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

12. Defendants Trans Union, Experian and Equifax have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

13. The inaccurate information of which Plaintiff complains is accounts, or trade-lines, that reflect Plaintiff's history of credit, named: Td Bank Usa/targetcred ("Td Bank Usa").

14. On or around April 9, 2018, Plaintiff sent an Identity Theft Victim's Complaint ("Plaintiff's complaint") to Defendants Trans Union, Experian and Equifax informing it of the inaccurate reporting of the trade-line.

15. Plaintiff's complaint explained that Plaintiff's account with Td Bank Usa appears on Plaintiff's credit report as a result of Plaintiff's identity theft and provided ample evidence to support Plaintiff's contention.

16. Attached to Plaintiff's complaint was a valid copy of Plaintiff's driver's license to verify Plaintiff's identity and to support his claim.

17. Despite the forgoing, Defendants Trans Union, Experian and Equifax have disseminated information indicating that Plaintiff is liable for the reported debt, of which he is not liable.

18. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

19. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20. On or around April 9, 2018, Plaintiff disputed the inaccurate information with Defendants Trans Union, Experian and Equifax by written communication to its representatives [and

3

by following Defendant's Trans Union, Experian and Equifax established procedure for disputing consumer credit information].

21. Upon information and belief, Defendants Trans Union, Experian and Equifax notified Td Bank Usa of Plaintiff's dispute and the nature of the dispute.

22. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Trans Union, Experian and Equifax, Td Bank Usa received notification from Defendants Trans Union, Experian and Equifax of Plaintiff's dispute and the nature of the dispute.

23. Upon information and belief, Defendants Trans Union, Experian and Equifax received the results of Td Bank Usa's investigation as to Plaintiff's dispute.

24. Upon information and belief, Defendants Trans Union, Experian and Equifax updated the reporting of the account(s) at issue solely based upon the information it received from Td Bank Usa in response to Plaintiff's dispute.

25. Despite Plaintiff's efforts to date, Defendants Trans Union, Experian and Equifax have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

26. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

27. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

28. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.  Impeded Plaintiff's ability to obtain credit;

    b.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d.  Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and,

    e.  Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT

29. Plaintiff re-alleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

    a.  Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b.  Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

31. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, WILLIAM NANEY, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT**

32. Plaintiff re-alleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, WILLIAM NANEY, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT**

35. Plaintiff re-alleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

37. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

8

WHEREFORE, Plaintiff, WILLIAM NANEY, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

    a.  All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b.  Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c.  Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d.  Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  July 12, 2018                By:/s  Ryan Lee
                                      Ryan Lee
                                      Law Offices of Ryan Lee, PLLC
                                      Attorney for Plaintiff